UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------x

URBANSTRONG LLC,

Plaintiff,

v.

LILY TURNER, LILY SCOTT DESIGNS LLC, and JOHN DOE,

Defendants.

---------------------------------------------------x

**MEMORANDUM AND ORDER**
1:23-CV-9379 (RPK) (SDE)

RACHEL P. KOVNER, United States District Judge:

Urbanstrong LLC brought this action against Lily Turner, Lily Scott Designs LLC (the "Defendant LLC"), and John Doe defendants (together, "defendants"), seeking relief for violations of the Lanham Act, 15 U.S.C. § 1051 *et seq.*, misappropriation of alleged trade secrets, and other business torts. Defendants moved to dismiss and compel arbitration. *See* Mot. for Pre-Mot. Conference (Dkt. #10); Text Order dated July 10, 2026. During the briefing of defendants' motion, plaintiff filed a motion for a temporary restraining order, a preliminary injunction, a preservation order preventing defendants from destroying records, and expedited discovery. Mot. for TRO 1–3 (Dkt. #12). For the reasons below, the motion for a temporary restraining order and preliminary injunction is denied.

## BACKGROUND

The following facts are drawn from the parties' submissions. "In deciding a motion for preliminary injunction, a court may consider the entire record including affidavits and other hearsay evidence." *Park Irmat Drug Corp. v. Optumrx, Inc.*, 152 F. Supp. 3d 127, 132 (S.D.N.Y. 2016) (citation omitted); *see Banco San Juan Internacional, Inc. v. Fed. Rsrv. Bank of N.Y.*, 700

F. Supp. 3d 86, 92 (S.D.N.Y. Oct. 27, 2023) (considering the plaintiff's complaint along with the court's findings of fact). An evidentiary hearing is not required when the relevant facts are not in dispute. *Charette v. Town of Oyster Bay*, 159 F.3d 749, 755 (2d Cir. 1998). Here, no hearing is warranted because, as explained below, plaintiff is not entitled to emergency relief even assuming that disputes of fact are resolved in plaintiff's favor. Accordingly, for purposes of this Order, when facts are disputed, the Court takes plaintiff's factual allegations as true.

Plaintiff provides green infrastructure services, including the design, installation, and maintenance of "green wall systems." Compl. ¶ 16 (Dkt. #1). It employed defendant Lily Turner from February 2020 to February 2026 as its Director of Green Walls, pursuant to an Employment Agreement containing a non-compete clause and an arbitration clause. Decl. of Alan Burchell ("Burchell Decl.") ¶¶ 12, 40 (Dkt. #12-3); Ex. A ("Employment Agreement") §§ 6, 8.6 (Dkt. #12-4).

Plaintiff alleges that in late 2025, defendant Turner secretly formed a competing entity, the Defendant LLC. Burchell Decl. ¶ 19–20. Between February and April 2026, Turner siphoned business opportunities by falsely representing to plaintiff's clients that plaintiff was undergoing a "brand transition" to Defendant LLC, and misappropriated plaintiff's alleged trade secrets, including client lists, project and pricing histories, vendor and supplier lists and terms, internal pricing and marketing strategies, and its bid packages. Compl. ¶¶ 32–62; Burchell Decl. ¶ 9. As a result, one client, identified as Client 1, issued an agreement, in the amount of $30,690, for a project awarded to plaintiff under the Defendant LLC's name. Burchell Decl. ¶ 29. Similarly, after another client, Client 3, selected plaintiff for a project valued at $13,043, Turner informed Client 3 about the "brand transition" and sought to direct a subcontract to the Defendant LLC. *Id.* ¶ 35–36. And after a prospective client, Client 5, sought a quote for a project using plaintiff's

website contact form, Turner deleted the notification and placed a bid for that project under the Defendant LLC's name. *Id.* ¶¶ 49–52. Plaintiff estimates that bid exceeded $70,000. *Id.* ¶ 53. Turner also deleted estimates that she had prepared for plaintiff's prospective clients, representing $358,641 in potential business, and emails relating to client inquiries. Burchell Decl. ¶ 45. Plaintiff has uncovered similar evidence of client diversion up until April 7, 2026. *Id.* ¶ 48.

Plaintiff sent Turner a cease-and-desist letter on or about February 12, 2026—the day she was terminated. *Id.* ¶ 40; Decl. of Benjamin Folkinshteyn ("Folkinshteyn Decl.") ¶ 13 (Dkt. #12-2). After learning that defendants continued to reach out to plaintiff's clients, plaintiff sent another letter. Folkinshteyn Decl. ¶ 15–16. In response, Turner represented that she would "refrain from pursuing green wall projects in the Tri-State area during the eight months set forth in her Employment Agreement" and "has stopped all solicitation of" plaintiff's contacts. *Id.* ¶¶ 16–17. She admitted she had "one active client that came from outreach to Urbanstrong contacts" and stated she was "prepared to turn over the entire amount she is paid minus the cost" to "resolve this specific client situation." *Id.* ¶ 17. Because Turner's "personal cloud account had been connected to [her] work computer and synchronizes across [her] devices, certain Urbanstrong-related folders, images, and documents may also remain in [her] personal cloud storage." Decl. of Lily Scott Turner ¶ 27 (Dkt. #13-1). Though she claims that she removed imagery of plaintiff's projects from her website and social media accounts, *id.* ¶ 32, plaintiff discovered they are still on the Defendant LLC's website, albeit hidden behind a password. Burchell Decl. in Supp. of Reply ¶ 8–9 (Dkt. #14-1).

On April 10, 2026, Urbanstrong LLC brought this action against Turner, the Defendant LLC, and unidentified members or employees of the Defendant LLC under the Racketeer Influenced Corrupt Organizations ("RICO") Act, 18 U.S.C. § 1961 *et seq.*, and the Lanham Act,

15 U.S.C. § 1501 *et seq.* Compl. ¶ 1 (Dkt. #1). Plaintiff also brought claims under New York state for unfair competition, misappropriation of trade secrets, and other business torts. *Id.* ¶¶ 1, 63–129.

On July 1, 2026, Turner requested leave to file a motion to dismiss on the basis that her employment agreement contained a mandatory arbitration provision which applies to plaintiff's claims. Mot. for Pre-Mot. Conference 1–2. The motion to dismiss is now being briefed.

On August 3, 2026, plaintiff filed the instant motion, requesting, in relevant part, a temporary restraining order and a preliminary injunction. Mot. for TRO 1–3. Plaintiff claims it is likely to succeed on its non-compete, trade secret misappropriation, misrepresentation, breach of fiduciary duty, and tortious interference claims. *Id.* at 9–11. Plaintiff seeks to prevent defendants from misrepresenting their affiliation with plaintiff and from using or retaining plaintiff's trade secrets, and to enforce the noncompete clause against Turner. Pl.'s Notice of Mot. (Dkt. #12-1); Folkinshteyn Decl. 10–12. Plaintiff also seeks to enjoin defendants from soliciting any of plaintiff's clients or prospective clients and from contacting plaintiff's vendors or suppliers, and to require defendants to account for the whereabouts of plaintiff's files and to produce for inspection all electronic devices so plaintiff may verify the use, access, disclosure, and return of plaintiff's confidential information. Pl.'s Proposed Order 3–5 (Dkt. #12-10). Defendants filed a brief in opposition.

## DISCUSSION

Plaintiff's motion for a temporary restraining order and preliminary injunction is denied. As an initial matter, I need not decide whether plaintiff's claims against Turner and the Defendant LLC are subject to arbitration. Even if they are, a court can order injunctive relief "to preserve the status quo pending arbitration." *Benihana, Inc. v. Benihana of Tokyo, LLC*, 784 F.3d 887, 894–95

(2d Cir. 2015). At least some of the interim relief that plaintiff seeks, like an injunction against solicitation of plaintiff's clients, is relief that seeks to preserve the status quo.

Nevertheless, plaintiff's requests for emergency relief are denied because plaintiff has not shown a likelihood of irreparable harm in the absence of the requested relief. A plaintiff seeking a TRO or preliminary injunction must show it has Article III standing to seek such relief. *Summers v. Earth Island Institute*, 555 U.S. 488, 493 (2009). That is, it must at least show it is under "actual and imminent" threat of suffering an injury. *Ibid.* And to meet the substantive requirements to obtain a TRO or preliminary injunction, a plaintiff must show it "is likely to suffer irreparable harm in the absence of preliminary relief." *JTH Tax, LLC v. Agnant*, 62 F.4th 658, 667 (2d Cir. 2023) (citation omitted); *Basank v. Decker*, 449 F. Supp. 3d 205, 210 (S.D.N.Y. 2020) ("[T]he standard for an entry of a TRO is the same as for a preliminary injunction.") (citation omitted). "A showing of irreparable harm is 'the single most important prerequisite for the issuance of a preliminary injunction.'" *JTH Tax*, 62 F.4th at 672 (citation omitted). To satisfy this burden, a plaintiff "must demonstrate that absent a preliminary injunction [it] will suffer an injury that is neither remote nor speculative, but actual and imminent, and one that cannot be remedied if a court waits until the end of trial to resolve the harm." *Ibid.* (citation omitted); *see Williams v. N.Y. State Off. of Mental Health*, No. 10-cv-1022 (SLT) (JO), 2011 WL 2690088, at *3 (Apr. 25, 2011) (noting that the standing-injury and irreparable-harm requirements are "akin conceptually").

Plaintiff has failed to establish a likelihood of harm, let alone irreparable harm, based on its misrepresentation-related claims. Though plaintiff has documented several false statements constituting past injury, it has not shown that future injury is likely. It provides examples of Turner's misrepresentations to plaintiff's clients and contacts, such as her communications with Clients 1 through 5 describing plaintiff's alleged "brand transition" to Defendant LLC. *See*

Burchell Decl. ¶¶ 26–31, 33–37, 42–52. But the last known misrepresentation occurred in April 2026—four months before plaintiff filed this motion. *Id.* ¶ 48. Plaintiff does not provide an evidentiary basis to infer that this aspect of the "diversionary scheme is in existence to this date," instead invoking—without more—only plaintiff's "information and belief." *Id.* ¶ 55. Even if defendants ceased the conduct of which plaintiff complains only in response to litigation, these past acts cannot substitute for the showing of present or threatened injury.

Plaintiff has likewise failed to establish irreparable harm based on its trade-secret and breach-of-non-compete claims. Assuming arguendo that plaintiff has adequately established a likelihood of future injury from defendants' ongoing green-wall business, plaintiff fails to establish such injury will be *irreparable*—that is, an "injury for which a monetary award cannot be adequate compensation." *Flores v. Town of Islip*, 283 F. Supp. 3d 197, 228 (E.D.N.Y. 2019) (citation omitted). While trade-secret and non-compete claims often implicate difficult-to-quantify interests, the "factual particulars in each case" determine whether a preliminary injunction should issue. *JTH Tax*, 62 F.4th at 673 (citing *Baker's Aid, Inc. v. Hussmann Foodservice Co.*, 830 F.2d 13, 15 (2d Cir. 1987)). A finding of irreparable harm is not justified based on the nature of the claim alone. *Hercules Pharms., Inc. v. Cherne*, No. 24-cv-5659 (JS) (AYS), 2024 WL 4406899, at *2 (E.D.N.Y. Sept. 18, 2024) (non-compete context); *Faiveley Transport Malmo AB v. Wabtec Corp.*, 559 F.3d 110, 118 (2d Cir. 2009) (trade-secret context, absent "further dissemination or irreparable impairment of value").

The factual particulars in this case do not establish that a monetary award will be an inadequate remedy for plaintiff's trade-secret and non-compete-related claims. Plaintiff grounds its claim in (1) the "nature" of the injury and (2) the provision in Turner's employment contract in which she agrees that breach of the non-compete would constitute irreparable damage. Mot. for

TRO 13; Employment Agreement § 6.7 (stipulating that plaintiff "will suffer irreparable damage and injury if [Turner] breaches any of the provisions in this Agreement"). But the first basis amounts to relying on a presumption this Circuit has disclaimed, and the second basis, while relevant, is not dispositive. *JTH Tax*, 62 F.4th 674; *accord Baker's Aid*, 830 F.2d at 16. Pointing in the opposite direction, plaintiff's own actions in quantifying the value of lost bids from Turner's breach and defendants' misappropriation of client information strongly suggest that plaintiff's losses are measurable and compensable. *See* Burchell Decl. ¶ 53. Moreover, plaintiff is an "established business." *JTH Tax*, 62 F.4th at 673 (citing *Dexter 345 Inc. v. Cuomo*, 663 F.3d 59, 63 (2d Cir. 2011)). Its history of operations, stretching over a decade, will likely enable it to calculate money damages to which it may be entitled. *Dexter 345*, 663 F.3d at 63 (holding same for a four-year-old business). In short, plaintiff has done little more than provide conclusory allegations in support of its contention that its injuries are irreparable, while its more concrete statements suggest otherwise. *JTH Tax*, 62 F.4th at 673.

The requests for a temporary restraining order and preliminary injunction are thus denied.

**CONCLUSION**

Plaintiff's motion for a temporary restraining order and preliminary injunction is denied.

SO ORDERED.

*/s/ Rachel Kovner*
RACHEL P. KOVNER
United States District Judge

Dated: August 13, 2026
Brooklyn, New York